UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,,

    Plaintiff,

v.

Juan Mendez-Rios,

    Defendant.

ORDER
Crim. No. 10-09(13) (MJD/SER)

_____

Chris S. Wilton, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *pro se.*

_____

This matter is before the Court on Defendant's motion to amend/correct or reduce his sentence pursuant to 18 U.S.C. § 3582(c) or in the alternative 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

I.    **Background**

Defendant pleaded guilty to count one of the Superseding Indictment which charged Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 50 Grams of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. At sentencing, the Court determined that the applicable guideline range was 63 to 78 months, subject to a statutory mandatory minimum

1

sentence of 60 months. The Court also granted Defendant's motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b) on the basis that a criminal history category II overstated his criminal history, which resulted in a guideline range of 57-71 months. The Defendant was sentenced to a term of imprisonment of 60 months; the statutory mandatory minimum sentence. Defendant did not appeal his sentence.

## II. Analysis

### A. 28 U.S.C. § 2255

A petition pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In his motion, Defendant does not allege any impediments that prevented him from filing a timely petition under § 2255, nor does he allege a right newly recognized by the Supreme Court or newly discovered evidence.  Thus, whether a motion under § 2255 is timely is governed by subsection (1).

In this case, Defendant's criminal judgment was entered on January 10, 2011. [Doc. No. 355]  This judgment became final fourteen days after the entry of judgment, or the date on which Defendant could no longer file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (2009); see also Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 ("Because [defendant] . . . did not file a direct appeal, his conviction became final . . . when the . . . period for filing a notice of appeal expired.")  Defendant's judgment therefore became final on January 24, 2011.  To fall within the statute of limitations, Defendant needed to file his motion under Section 2255 by January 24, 2012.  See 28 U.S.C. § 2255(f).  The instant motion was not filed until July 16, 2012, more than six month after the expiration of the statute of limitations.

The Court may extend the statute of limitations when "extraordinary circumstances" prevent a defendant from filing and the defendant has diligently

3

pursued his rights. United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005). Here, Defendant has not alleged such circumstances or demonstrated that he has diligently pursued the filing of a Section 2255 motion. Accordingly, Defendant's request for relief pursuant § 2255 is time-barred and must be dismissed.

**B.     18 U.S.C. § 3582(c)**

Pursuant to 18 U.S.C. § 3582(c):

> The court may modify a term of imprisonment once it has been imposed, except that –
> \* \* \*
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In his motion, the Defendant does not identify any amendment to the United States Sentencing Guidelines that would lower his applicable guideline range. Nonetheless, even if such an amendment existed, the Defendant was sentenced to the statutory mandatory minimum sentence. Absent a motion by the government under 18 U.S.C. § 3553(e), allowing the Court to sentence below

the statutory mandatory minimum sentence, the Defendant can not demonstrated that he is entitled to relief under § 3582(c).  See, e.g., United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008).

Based on the above, the Court finds no basis upon which to grant Defendant the relief he seeks.

IT IS HEREBY ORDERED that Defendant's Motion to Amend/Correct or Reduce Sentence [Doc. No. 435] is DENIED.  The Government's Motion to Dismiss [Doc. No. 437] is GRANTED.

Date:   September 6, 2012

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court

5